IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE UTAUS-DE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-103-RP |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| AT AUSTIN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On May 6, 2019, Defendant The University of Texas at Austin ("the University") filed a motion to dismiss all of Plaintiff's claims in this matter. (Dkt. 7). Plaintiff's response to the motion was due on or before May 20, 2019. *See* W.D. Tex. Loc. R. CV-7(d). Plaintiff did not respond to the motion or seek leave for an extension of time in which to file a response. The Court therefore ordered Plaintiff to show cause as to why her claims against the University should not be dismissed for want of prosecution, or alternatively, why the Court should not grant the University's motion to dismiss as unopposed. (Dkt. 9, at 1).

On June 4, Plaintiff responded to the Court's show cause order and filed an opposed motion for an extension of time to respond to the University's motion to dismiss. (Dkts. 10, 11). Plaintiff's counsel claims that his failure to respond to the motion "was the result of a calendaring error within the firm of Plaintiff's firm, coinciding with an extensive May 2019 travel and appearance schedule of Plaintiff's counsel." (Dkt. 10, at 2). He also assured the Court that he had "altered the internal protocols of his law firm" to avoid future scheduling problems. (*Id.* at 3).

Two days later, the University filed a response to Plaintiff's motion for an extension of time. (Dkt. 12). The University argued that Plaintiff's counsel has previously had his cases dismissed for failing to respond to dispositive motions and claimed it was "dubious" that he failed to respond to

1

the motion to dismiss in this case because he had to appear in several other cases. (*Id.* at 1–2). The University attached several exhibits to its response showing that the cases Plaintiff's counsel identified as requiring his appearance had zero or little docket activity in the relevant timeframe or reflected deadlines that passed before his response to the University's motion was due. (*Id.* at 2). Despite these serious allegations, and notwithstanding his assurance that he would not miss any more deadlines in this case, Plaintiff's counsel did not timely reply to the University's response.

In light of these facts, the Court finds that Plaintiff has failed to show cause that this case should not be dismissed. Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Although granted expressly by Rule 41(b), this power is one inherent in the courts, and a court may exercise it *sua sponte*, with or without notice to the parties. *See Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980); *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982). The Local Rules also empower the Court to grant motions as unopposed when no response is timely filed. *See* W.D. Tex. Loc. R. CV-7(d). However, the University's motion seeks dismissal of Plaintiff's claims with prejudice. Dismissal with prejudice for failure to respond to a dispositive motion is only appropriate when there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted).

Considering (1) the University's uncontroverted claims that Plaintiff's counsel provided false or misleading reasons for failing to timely respond to its motion, (2) the fact that Plaintiff waited two weeks after the response deadline passed to seek an extension of time to respond, and (3) the fact that Plaintiff sought this extension only after and presumably in response to the Court's prompting via its show cause order, the Court finds that dismissal is appropriate in this case. *See Durham v. Fla.*

2

*E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (bad faith supports dismissing a complaint and the totality of circumstances must be considered in determining whether to dismiss a complaint for want of prosecution). However, the Court finds that dismissal *without* prejudice better serves the interests of justice. There is no indication that Plaintiff is responsible for her attorney's sanctionable conduct, and the facts of this case do not warrant barring Plaintiff from pursuing her claims. *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 647 (1962) (Black, J., dissenting) ("[T]o say that the sins or faults or delinquencies of a lawyer must always be visited upon his client . . . is to ignore the practicalities and realities of the lawyer-client relationship.")).

For these reasons, **IT IS ORDERED** that Plaintiff's claims in this case are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on June 17, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE